UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONOTOR M. PETE                                                    CIVIL ACTION

VERSUS                                                            99-3054

CHAMPION EXPOSITION SERVICES, INC.                                SECTION "T"(2)

        Before the Court is a Motion for Summary Judgment filed on behalf of the defendants,

Champion Exposition Services, Inc. and Christopher Valentine.  The parties in this matter waived

oral argument therefore, the matter was taken under submission on the assigned hearing date January

17, 2001.  The Court, having considered the arguments in support of the motion, the failure of

plaintiff to file an opposition, the law and applicable jurisprudence, is fully advised in the premises

and ready to rule.


                              **ORDER AND REASONS**


**I. BACKGROUND:**

        Plaintiff, Monotor M. Pete, filed this suit alleging that defendant, Champion Exposition

Services, Inc. ("Champion"), discriminated against him when it refused to hire him at the request of

Local Union 1846 and that such discrimination violated his right-to-work. Pete further contends that

he was wrongfully terminated and that he suffered intentional infliction of emotional distress.  As

such, Pete alleges violations of Sections 8(a)(3) and 14(b)(3) of the National Labor Relations Act;

Section 14(c) of the Landrum-Griffin Act, 29 U.S.C. §158(a)(3) and 164(b) & (c); Louisiana right-

1

DATE OF ENTRY

JAN 2 9 2001

to-work law, La. R.S. 23:981, et seq.; Louisiana tort law; and both State and Federal Constitutions by infringing upon his constitutional and statutory right-to-work.

Champion is in the business of providing labor and services to associations and exhibitors for their participation in trade shows throughout the country. Champion entered into a Labor Agreement with the Louisiana Carpenters Regional Council ("Union") whereby Champion agreed to contact hiring halls operated by the Union to obtain qualified employees to perform "carpenters' work", as defined in the Agreement, for trade shows in the Greater New Orleans area. The hiring hall, in turn, was required to fill the labor call from a list of employees maintained by the Union. Neither the Union, nor the Labor Agreement require persons named on the employee lists to be members of or even affiliated with the Union. It simply requires that persons seeking employment go through the hiring hall to obtain work with the contracting company. To ensure compliance, the Union would provide each referred worker with a pink work order form to be presented to officials of the contracting entity upon reporting to the job site.

Champion notified the United Brotherhood of Carpenters and Joiners of America, Local Union No. 1846 ("Local 1846") of its needs for carpenter labor for a trade show. Local 1846 filled the labor request and provided Champion with a referral list. Monotor Pete was not named on this list. Nonetheless, Pete appeared at the Convention Center on the morning of October 8, 1998, asking for work. Walter Bartlett, Operations Manager for Champion, told Pete that he could not work because his name did not appear on the referral list of eligible employees. Later, Bartlett observed Pete rolling carpet in the exhibit area. Upon investigating, Bartlett learned that Pete had approached another Champion Operations Manager, Michael Wellman, telling him that he had signed in and was ready to work. Wellman believed him to be a proper worker and assigned him a duty. Bartlett then

2

asked Pete to leave the job site, which he did.  Later that month, on October 28, 1998, Pete again approached Bartlett for a job.  On this occasion, Pete had followed the proper hiring procedure, had been placed on the referral list, and therefore was employed by Champion.

On January 26, 1999, Pete filed a discrimination charge with the National Labor Relations Board ("NLRB") arising out of the refusal of Champion to hire him on October 8, 1998.  An investigation ensued culminating in a conclusion by the NLRB that there was insufficient evidence to issue a complaint in the matter.  The NLRB further based its decision upon the fact that Champion agreed to settle the charge in the amount of $146.21 payable to Pete, representing wages due Pete for the short period of time he worked for Champion without a work order, with an additional sum for good measure.  Champion further agreed to purge Pete's work file of any reference to the October 8, 1998 incident.

On September 2, 1999, Pete filed the present action in Civil District Court for the Parish of Orleans, which was later removed to this Court based upon federal question and diversity of citizenship jurisdiction.

## II. LAW AND ANALYSIS:

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence

of a genuine issue of material fact." <u>Stults v. Conoco</u>, 76 F.3d 651 (5th Cir. 1996), (citing <u>Skotak v. Tenneco Resins, Inc.</u>, 953 F.2d 909, 912-13 (5th Cir.) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986) (emphasis supplied); <u>Tubacex, Inc. v. M/V Risan</u>, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." <u>Matsushita Elec. Industrial Co.</u>, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

After a thorough review of the arguments asserted by defendants in their memorandum in support, the record, as well as the applicable law and jurisprudence, this Court is convinced that the record as a whole could not lead a rational trier of fact to find for the plaintiff in this matter. Moreover, this Court finds the arguments of the defendants to be meritorious. As such, this Court hereby adopts the arguments asserted by defendants in this matter as its opinion.[1]

---

[1] This Court further notes that this matter could likewise have been dismissed on grounds of failure to comply with this Court's Scheduling Order pursuant to Federal Rule of Civil Procedure 16(f). Plaintiff failed to file a witness or exhibit lists and further failed to participate in the preparation of the final Pre-Trial Order. Moreover, neither plaintiff nor his counsel appeared in chambers at the scheduled Final Pre-Trial Conference, without so much as a phone call to chambers. As such, there has been no action by the plaintiff in this matter since October 11, 2000, when Pius A. Obioha enrolled as counsel of record.

4

Accordingly,

**IT IS ORDERED** that the Motion for Summary Judgment filed on behalf of the defendants,

Champion Exposition Services, Inc. and Christopher Valentine, be and the same is hereby

**GRANTED.**

New Orleans, Louisiana, this _____ day of January, 2001.

G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE

5