UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MONOTOR M. PETE                                CIVIL ACTION

VERSUS                                         99-3054

CHAMPION EXPOSITION SERVICES, INC.             SECTION "T"(2)

Before the Court is a Motion for Sanctions filed on behalf of the defendants, Champion Exposition Services, Inc. and Christopher Valentine. The parties in this matter waived oral argument and the matter was taken under submission on the assigned hearing date April 11, 2001. The Court, having considered the arguments of counsel, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

## ORDER AND REASONS

### I. BACKGROUND:

On September 2, 1999, Monotor M. Pete filed the present action in Civil District Court for the Parish of Orleans. The suit alleged that defendant, Champion Exposition Services, Inc. ("Champion"), discriminated against him when it refused to hire him at the request of Local Union 1846 and that such discrimination violated his right-to-work. Pete further contended that he was wrongfully terminated and that he suffered intentional infliction of emotional distress. As such, Pete alleged violations of Sections 8(a)(3) and 14(b)(3) of the National Labor Relations Act; Section 14(c) of the Landrum-Griffin Act, 29 U.S.C. §158(a)(3) and 164(b) & (c); Louisiana right-to-work law,



1



La. R.S. 23:981, et seq.; Louisiana tort law; and both State and Federal Constitutions by infringing upon his constitutional and statutory right-to-work. At the commencement of these proceedings, Pete was representing himself. Defendants removed this matter to federal court in October 1999 based upon federal question and diversity jurisdiction. Plaintiff moved to remand the matter to state court which was denied on December 2, 1999. A preliminary conference was held with the Judge in July 2000, at which time a February 5, 2001 trial date was selected, along with a January 25, 2001, Final Pre-Trial Conference. The Court's standard scheduling order was sent to plaintiff and defense counsel setting forth the associated deadlines. On October 11, 2000, Pius A. Obioha filed a Motion to Enroll as counsel for the plaintiff. Thereafter, in accordance with this Court's scheduling order, defendants filed witness and exhibit lists on November 27, 2000; whereas, none were filed on behalf of the plaintiff. Later, defendants filed a timely Motion for Summary Judgment which was set for hearing on January 17, 2001. Pursuant to the local rules and based upon the assigned hearing date, plaintiff's opposition memorandum would have been due on January 9, 2001, plaintiff however never filed an opposition with the Court. On the day prior to the Final Pre-Trial Conference, January 24, 2001, Mr. Obioha filed a Motion to Withdraw as Counsel of Record. The Court denied counsel's motion as a withdrawal would interrupt the trial setting and pending matters. Thereafter, both the plaintiff and counsel of record, Mr. Obioha, failed to attend the Court's Final Pre-Trial Conference on January 25, 2001. Subsequently, the Court granted the unopposed Motion for Summary Judgment, filed on behalf of the defendants, and dismissed plaintiff's claims with prejudice on January 29, 2001. Defendants now seek sanctions against the plaintiff and plaintiff's counsel in this matter.

## II. ARGUMENTS OF THE RESPECTIVE PARTIES:

Defendants contend that plaintiff and his subsequently retained counsel completely ignored virtually ever order of this Court, routinely missed court-imposed deadlines, and failed to conduct any discovery. As such, defendants seek and award of attorneys' fees and costs to compensate for the expenses incurred in defending against plaintiff's meritless claims. Specifically, defendants submit that (1) Pete nor his counsel filed witness and exhibit lists; (2) Pete nor his counsel initiated discovery, even after the discovery deadline was extended due to Pete's failure to appear at his scheduled deposition; (3) Pete nor his counsel filed responses to defendants' discovery requests until 22 days past the due date; (4) Pete nor his counsel filed an opposition to defendants' Motion for Summary Judgment; (5) Pete nor his counsel conferred with defendants for purposes of drafting a joint pre-trial order; (6) Pete nor his counsel submitted a pre-trial order; (7) Pete nor his counsel appeared for the Final Pre-Trial Conference. Defendants submit that this conduct reflects an obstinate disrespect for the judicial process.

Defendants suggest that attorneys' fees in the amount of $49,923.50, as well as costs totaling $2,641.54, are an appropriate sanction for the recalcitrant behavior exhibited by plaintiff and plaintiff's counsel throughout this litigation. At the very least, defendants should be awarded fees and costs associated with their compliance of this Court's orders ignored by Pete and his attorney which include: (1) time spent attending plaintiff's first deposition when he failed to appear; (2) time spent preparing for the second deposition; (3) time spent drafting the summary judgment which went unopposed by the plaintiff; (4) time spent drafting the Pre-Trial Order, without assistance from the plaintiff or counsel; (5) time spent preparing for and attending the Final Pre-Trial Conference where Pete and Obioha failed to appear; (6) time spent preparing the instant Motion for Sanctions. The fees

associated with these specific tasks total $30,715.25.

Attorney, Pius A. Obioha, contends that at the time of plaintiff's deposition, January 8, 2001, he was made aware of certain facts which he felt compromised his ability to provide zealous advocacy for his client and thus could no longer represent Pete in this matter. Obioha contends that he informed his client that he would not be able to participate in the Final Pre-Trial Conference without compromising his professional responsibility as an Officer of the Court. After much thought, discussion with Mr. Pete, as well as defense counsel in an attempt to resolve this matter, counsel moved to withdraw as counsel of record on January 24, 2001, without listing specific reasons. Mr. Obioha does not take responsibility for Pete's actions before he enrolled as counsel of record, or after he discussed the problems with the case with his client and moved to withdraw. Therefore, Obioha asserts that none of his actions multiplied these proceedings and at no time did he act vexatiously or unreasonably with the requisite subjective bad faith. As such, sanctions against Obioha would be unjust and precluded under the applicable statutes and rules.

### III. LAW AND ANALYSIS:

The defendants set forth three bases for the imposition of sanctions in this case. First, Fed.R.Civ.P. 16(f) which provides:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among other any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the

judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37 (b) addresses failures to comply with Court orders. The sanctions allowed under this provision when a party fails to obey an order include:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

The rule goes on to provide that:

> [i]n lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Second, 28 U.S.C. §1927, which states:

> Any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously, may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Finally, through this Court's inherent power. The Court notes that Fed.R.Civ.P. 11 allows a court to impose sanctions upon attorneys, law firms or parties responsible for submitting pleadings and/or motions presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, and for asserting frivolous claims and arguments not supported by existing law.

The Court notes first that while Mr. Obioha is still counsel of record in this matter, his opposition filed in no way opposes sanctions upon his client, Mr. Pete, but only attempts to resist the imposition of sanctions upon himself.

Next, this Court disagrees that Obioha is not responsible for failure to disobey this Court's orders. During the period of time in which Obioha enrolled in this case (October 11, 2000) and before he moved to withdraw (January 24, 2001), he, as counsel of record, failed to file witness and exhibit lists (due November 27, 2000), failed to conduct discovery on his client's behalf, failed to file an opposition to defendants' Motion for Summary Judgment (due January 9, 2001) and failed to submit a Final Pre-Trial Order (due January 23, 2001). Mr. Obioha tries to excuse his lack of diligence by arguing that he filed a Motion to Withdraw. That motion was filed in the Clerk's Office at 3:44 p.m. January 24, 2001, the day before the Pre-Trial Conference, with no explanation or reason for the motion. The Court was in no way contacted regarding the situation and had not even received the motion by the time the Final Pre-Trial Conference was held. The Court had to call Mr. Obioha at his law office to inquire why he was not present at the conference, at which time the Court first became aware of the motion to withdraw which had been filed. The law is crystal clear that an attorney remains counsel of record until such time as a Court grants a motion to withdraw. Mr. Obioha was mistaken in his assumption that by merely filing a motion to withdraw he was relieved of all responsibilities in this matter despite a pending motion, scheduled Pre-Trial Conference and trial date only a week and a half away.

This Court finds that counsel's complete failure to abide by even one of the Court's imposed deadlines warrants the imposition of sanctions in this matter. The imposition of sanctions upon counsel is based solely on the conduct of counsel and has no relevance to any actions or inactions

on the part of Mr. Pete, prior to Mr. Obioha's representation in this matter. Furthermore, Mr. Obioha's contention that he personally did nothing to multiply this litigation is completely false, as defendants were required to expend enormous amounts of money in defending against this action which the Court ultimately had to dismiss only one week prior to trial upon an unopposed motion for summary judgment. Had Mr. Obioha adequately investigated the plaintiff's case, conducted appropriate discovery and complied with this Court's orders, the costs associated with this litigation may not have been so high.

Additionally, Mr. Obioha contends that he was made aware of facts which compromised his ability to effectively advocate on behalf of Mr. Pete; however, due to the attorney-client privilege he may not divulge his reasoning. Rule 3.3. of the Rules of Professional Conduct provides:

RULE 3.3 CANDOR TOWARD THE TRIBUNAL

(a) A lawyer shall not knowingly:

(1) Make a false statement of material fact or law to a tribunal;

(2) Conceal or knowingly fail to disclose that which he is require by law to reveal; however, if a lawyer discovers that his client has perpetrated a fraud on a tribunal, he shall promptly call on his client to rectify same and, if the client shall refuse to do so or be unable to do so, the lawyer shall reveal the fraud to the affected person or tribunal;

(3) Fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(4) Offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

(b) The duties stated in Paragraph (a)(1) and (3) continue to the end of the hearing or proceeding. The duties stated in Paragraph (a)(2) and (4) are unlimited in time and

apply, even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.

While this Court is not currently privy to the reasons for Mr. Obioha's failure to represent Mr. Pete in this matter, if Mr. Obioha learned that Mr. Pete was going to perpetrate a fraud upon this tribunal, Mr. Obioha is under a continuing duty to divulge the relevant information to this tribunal if Mr. Pete was unwilling to rectify the situation.

As to the culpability of Mr. Pete in this matter, when this litigation began, Mr. Pete was acting pro se and as such was required to develop his case and follow all procedures and rules required of any counsel. Mr. Pete continued to act on his own behalf until October 2000. During the one year period in which the matter was removed to this Court and before counsel enrolled, plaintiff moved to remand the case, selected a trial date and was aware of all deadlines; however, he engaged in no discovery during that period. The Court is mindful of the fact that once Mr. Obioha enrolled, it then became counsel's duty to perform discovery, comply with this Court's scheduling orders, etc., relieving Mr. Pete of these responsibilities. Mr. Obioha has stated that he made his client aware of the fact that he would be withdrawing from the case and would not be in attendance at the Final Pre-Trial Conference; however, Mr. Pete did not attend the conference in his place. Additionally, there has been no dispute that Mr. Pete failed to show for his noticed deposition at Mr. Obioha's office causing the matter to be rescheduled on another date. Furthermore, Mr. Pete has not filed an opposition on his own behalf in regards to the present Motion for Sanctions. As such, this

Court finds that Mr. Pete is at least partially responsible for needlessly increasing the costs of this litigation and for asserting claims in this matter not supported by existing law.

Accordingly,

**IT IS ORDERED** that the Motion for Sanctions filed on behalf of the defendants, Champion Exposition Services, Inc. and Christopher Valentine, be and the same is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Sanctions be imposed upon Pius A. Obioha in the amount of Sixteen Thousand, Six Hundred Seventy-Eight Dollars Forty Cents ($16,678.40) and upon Monotor M. Pete in the amount of Sixteen Thousand, Six Hundred Seventy-Eight Dollars Thirty-Nine Cents ($16,678.39).[1]

New Orleans, Louisiana, this ___12___ day of July, 2001.

---
G. THOMAS PORTEOUS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] These figures are based upon the fees incurred by the defense associated with the plaintiff and his counsel's disregard of this Court's orders amounting to $30,715.25, together with costs of $2,641.54, divided equally among the plaintiff and counsel.

9